JOSEPH L. GRAF, Plaintiff, *v.* HOPE BUILDING CORPORATION and Others, Defendants.

Supreme Court, New York County, May 31, 1928.

**Mortgages — foreclosure — equity will relieve defendant of its default in absence of proof that default was intentional or willful.**

In this action to foreclose a mortgage, equity will relieve defendant of its default and award judgment in its favor, in the absence of proof showing that the default, which arose by reason of an error in the computation of interest, was intentional or willful; under the circumstances, to permit plaintiff to foreclose would be harsh, unjust and inequitable.

ACTION to foreclose mortgage.

*David Steckler* [*Abraham Fishbein* of counsel], for the plaintiff.

*Herman A. Brand* [*Harry F. Mela* and *Herman A. Brand* of counsel], for the defendant Hope Building Corporation.

LEVY, J. This is an action in foreclosure. The proofs upon the trial in respect to the default, in the very nature of things, remain uncontradicted. These indicate very clearly that the failure charged was entirely due to an unwitting error in calculation — just a mistake in simple mathematics — made by Miss Ochs who was what might be termed the " dummy " secretary of defendant Hope Building Corporation. She held no stock and had no other material interest in the entity.

There was due on July 1, 1927, under the consolidation agreement, an installment of mortgage principal of $1,500 and interest upon the amount of $321,500 from April 1, 1927, in the sum of $4,621.56. The installment was paid and because of the error adverted to, the given defendant yielded up on interest only the sum of $4,219.69, the difference remaining unpaid being but $401.87 or less than one-tenth of the full interest item.

The defendant involved is a close corporation and its president, Mr. Herstin, who was in complete control, before leaving for Europe on business instructed Miss Ochs to make due and proper payment. The checks were actually sent to plaintiff during Mr. Herstin's absence from the country and later Miss Ochs on discovering her error in computation advised plaintiff to that effect, assuring him that on Mr. Herstin's return the matter would be corrected. When the latter came back, the situation was *not* drawn to his attention. It may be worth noting that the plaintiff in the meantime availed himself of the proceeds of the payment previously made.

A fair consideration of the evidence leads but to the conclusion that the plaintiff was quite punctilious and, passively by inaction, at any event, permitted the corporation's president to be lulled into a sense of security. To me it seems as much ado about nothing, a veritable tempest in a teapot, and the ancient doctrine *de minimis non curat lex* appears to apply with considerable force, perhaps not so much because of the amount involved alone, as for the circumstances under which the default occurred.

That a court of equity enjoys the power to relieve a mortgagor from a mere technical default in payment where it is not willful, is wholly beyond doubt, and in the present state of the law it is quite immaterial whether the omitted payment was for principal

23

or interest or taxes. The underlying and all-important question is whether the default was willful and its enforcement equitable. What occurred here in behalf of the defendant, even more particularly after the error was committed, in the effort to extricate it, leads inevitably to the finding that the default was unintentional, that it was due to pure inadvertence, and, therefore, not willful. In the circumstances, to permit plaintiff the relief he seeks would be harsh, unjust and inequitable.

The defendant Hope Building Corporation is entitled in good equity to be relieved from its default and judgment will go to it in the manner indicated in the findings and conclusions herewith passed upon.

Let the prevailing party submit decision accordingly.